**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2676

MANUEL PEREZ-COLON,

Plaintiff, Appellant,

v.

ALEX CAMACHO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Selya, Lipez and Howard,

Circuit Judges.

Manuel Perez-Colon on brief pro se.
H.S. Garcia, United States Attorney, Miguel A. Fernández, Assistant United States Attorney, and Germán A. Rieckehoff, Assistant United States Attorney, on brief for appellee.

September 5, 2003

**Per Curiam**. Appellant Manuel Perez-Colon appeals from the judgment of the district court dismissing his complaint which sought the return of $3,000 allegedly seized from him upon his arrest. The district court dismissed the complaint on the ground that appellant had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."). For the following reasons, we vacate the dismissal and remand for further proceedings.

In 1998, a jury convicted appellant of various drug offenses, and, in 1999, the district court sentenced him to life imprisonment. On January 18, 2002, appellant escaped from custody. Appellant's freedom was short-lived, however, as he was arrested on February 6, 2002. At the time of his arrest, appellant alleges that the U.S. Marshals seized the following items from him: (1) an automobile; (2) a watch; (3) some jewelry; and (4) $3,000 in cash. Everything but the cash was returned to appellant's family. Appellant attached to the complaint a document entitled "Federal Prisoner's Property Receipt." This document indicates the receipt of the $3,000 and is signed by Alex Camacho, the Marshal who apparently had taken the money from appellant.

When appellant failed to get the cash back, he wrote a letter to the chief of the U.S. Marshals Service in Puerto Rico asking for the return of the money. Apparently this letter was unsuccessful because appellant filed the instant complaint on September 18, 2002. In his complaint, appellant claimed that his due process rights had been violated; in particular, he averred that the cash had not been subject to forfeiture proceedings, but rather had just disappeared. As relief, appellant requested, among other things, an order that the U.S. Marshals return the $3,000.

Because the district court dismissed the complaint before the defendants had responded, we must treat the dismissal as a sua sponte one. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001). This type of dismissal -- "a dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard -- is disfavored in federal practice." Id. As a result, "[w]e will uphold a sua sponte order of dismissal only if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." Id. at 37. Such dismissals are reviewed de novo. Id.

This complaint, construed in appellant's favor as it must be, is not "beyond all hope of redemption." That is, if it turns out that the money was seized from appellant by the U.S. Marshals as part of appellant's arrest, and separate from his re-

incarceration, appellant probably is entitled to file a complaint for the return of the money without having to exhaust any remedies.

The sticking point is that the receipt for the $3,000 specifically states that it is a "prisoner's" receipt. This receipt suggests that the money, in fact, was confiscated from appellant at the time that he re-entered prison. In that case, it certainly is arguable that prison grievance procedures must be exhausted before the filing of a complaint for the return of the money. See Owen v. Kimmel, 693 F.2d 711, 713-15 (7th Cir. 1982) (requiring exhaustion of a claim that prison officials confiscated the plaintiff's furniture so long as the prison's grievance procedures met the standards set out in former § 1997e).

In the situation where property is seized at the time of an individual's arrest, the controlling case is United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995) (per curiam). In that case, we held that "district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures," and that "such challenges may be pursued in a civil action under 28 U.S.C. § 1331." Id. at 511. Although Giraldo was decided before the enactment of the exhaustion requirement contained in § 1997e(a), there is no indication in our case law, or in the case law from other circuits, that this requirement applies to actions for the return of property seized incident to an arrest. See, e.g., Gonzalez-Gonzalez, 257 F.3d at 35-38 (citing Giraldo and

remanding a motion for the return of property seized when the defendant was arrested where there were facts in dispute regarding the adequacy of the notice of forfeiture provided to the defendant; no discussion of exhaustion); <u>United States</u> v. <u>Minor</u>, 228 F.3d 352, 355-57 (4th Cir. 2000) (holding that a prisoner may file an action for the return of property seized at the time he was arrested and locating the source of such a right of action in the Constitution; no discussion of any exhaustion requirement); <u>United States</u> v. <u>Chambers</u>, 192 F.3d 374, 375-77 (3d Cir. 1999) (where criminal proceedings have ended, a Fed. R. Crim. P. 41(e) motion for the return of property seized during the defendant's arrest is to be "treated as a civil proceeding for equitable relief"; no discussion of an exhaustion requirement).

Because there are factual issues concerning the circumstances under which appellant's money was confiscated, the district court's sua sponte dismissal cannot be upheld. Therefore, this case must be remanded to the district court for further proceedings. We, of course, express no views as to whether the claim has any potential merit, or whether it might be subject to dismissal on some other ground or on a better-developed record.

<u>Vacated and remanded</u>.