In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 02-4138, 03-1088

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RUFUS SIMS,

*Defendant-Appellant.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 92 CR 166-1—**James H. Alesia**, *Judge.*

_____

SUBMITTED APRIL 19, 2004—DECIDED JULY 20, 2004

_____

Before POSNER, EVANS, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* Convicted money launderer Rufus
Sims (see *United States v. Sims*, 144 F.3d 1082 (7th Cir. 1998))
filed a motion under Fed. R. Crim. P. 41(g) (formerly 41(e))
in the district court in which he had been convicted asking
for the return of seized property. He concedes that most of
the property identified in the motion was properly forfeited,
but continues to claim entitlement to property that he
asserts was seized but never forfeited. The district court
ruled that the compelled return of any forfeited property
was barred by the six-year statute of limitations applicable

to civil actions against the United States, 28 U.S.C. § 2401(a), which in *United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000), we applied to challenges to the adequacy of notice in administrative forfeiture proceedings begun before August 23, 2000. (For proceedings begun after that date, the limit on such challenges is five years. 18 U.S.C. § 983(e)(3).) All the challenged forfeitures took place more than six years before Sims filed his motion. As to those, his motion is clearly time-barred.

For several items in Sims's motion, however, no record of any forfeiture proceeding can be found (nor for that matter any record that the items had been seized, but for the moment we'll assume they had been). The court treated Sims's request for the return of these items as a claim against the United States under the Federal Tort Claims Act, and ruled that the claim was barred because he hadn't presented it to the appropriate federal agency within two years of the alleged seizures, as required for tort claims against the United States by 28 U.S.C. § 2401(b). The court was in error. Sims makes no claim under the Federal Tort Claims Act. That Act provides a damages remedy, and Sims is not seeking damages; he is seeking the return of the seized property itself, an equitable remedy for which a motion under Rule 41(g) is the proper vehicle. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Could the motion be barred by the six-year statute of limitations in 28 U.S.C. § 2401(a)? (All the challenged seizures of nonforfeited items, like all the challenged forfeitures, occurred more than six years before the filing of the Rule 41(g) motion.) That section of the Judicial Code is applicable, by its terms, only to civil suits against the United States. In *United States v. Duke, supra*, we characterized a challenge to an administrative forfeiture as such a suit (even though the challenge had been styled as a Rule 41(g) motion), compar-

ing it to a petition to review an administrative agency's order, and so applied the six-year statute of limitations. See also *Polanco v. U.S. Drug Enforcement Administration*, 158 F.3d 647, 651 (2d Cir. 1998). When the five-year deadline to which we referred earlier came into effect, the analysis in *Duke* was superseded. The five-year rule is expressly applicable to challenges to administrative forfeitures, and by its terms is exclusive. 18 U.S.C. §§ 983(e)(3), (5). But as we explained in *Duke*, even under the ancien régime Rule 41(g) was not the proper vehicle for challenging an administrative forfeiture. See also *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004). Its office was to try to recover seized but not forfeited property.

But could it not be described as a civil suit against the United States? Rule 41(g) motions are civil in character. E.g., *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) ("even if his motion had been a motion under Rule 41(g) for the return of property obtained in a search, rather than an attempt to challenge an administrative forfeiture, the proceeding would have been a civil proceeding subject to the requirements that we have noted [payment of filing fee, PLRA restrictions]"); *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992) (orders resolving motions under Rule 41(g) are treated as civil for purposes of appeal). The motion can be filed before criminal charges are brought, *In re Search of Office of Tylman*, 245 F.3d 978, 980 (7th Cir. 2001), and the rule itself says that the motion can be filed in the district where the property was seized—it needn't be filed in the district in which the criminal proceedings are under way, though it can be, *United States v. Howell*, *supra*, 354 F.3d at 695; *Okoro v. Bohman*, 164 F.3d 1059, 1061-62 (7th Cir. 1999), and was here; notice the criminal docket designation in the district court. Still, to describe this strange hybrid as a civil suit against the United States is strained— and, as we about to see, unnecessary.

The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property. The rule can also be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence—unless, of course, it has been forfeited in the course of those proceedings. *Okoro v. Callaghan, supra,* 324 F.3d at 490.

No statute of limitations governs motions for return of property under Rule 41(g). The four-year catch-all statute of limitations in 28 U.S.C. § 1658(a) is applicable only to claims made possible by statutes enacted or amended after 1990, *Jones v. R.R. Donnelley & Sons,* 124 S. Ct. 1836 (2004), and even if a federal rule of procedure can be deemed an "Act of Congress" (the term in section 1658(a)), Sims's claim is not based on any post-1990 change to Rule 41. It actually makes sense to have no time limit on Rule 41(g) motions before criminal charges are brought or civil forfeiture proceedings begun, as the date of accrual—the point at which the government's retention of the property can no longer be justified—is too indefinite. But once the criminal proceedings or the civil forfeiture proceedings have concluded without the property having been forfeited (or the statute of limitations for bringing either type of proceeding having expired, see *Mantilla v. United States,* 302 F.3d 182, 186 (3d Cir. 2002); *Polanco v. U.S. Drug Enforcement Administration, supra,* 158 F.3d at 654), the claimant knows that he has a present right to its return, and he shouldn't be permitted to postpone his request for its return indefinitely. For reasons similar to those we gave in *Duke,* the six-year statute of limitations in 28 U.S.C. § 2401(a) is appropriate in such

cases, and so we shall borrow it for Rule 41(g) motions. See *United States v. Wright*, 361 F.3d 288 (5th Cir. 2004); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001). The period will run from the conclusion of the criminal proceedings or civil forfeiture proceedings, or, if no such proceedings are instituted, from the expiration of the statute of limitations for filing the criminal or civil forfeiture case, *Mantilla v. United States, supra*, 302 F.3d at 186; *Polanco v. U.S. Drug Enforcement Administration, supra*, 158 F.3d at 654, but can be tolled if the defendant is unable despite diligent inquiry to file his claim in time. If the owner of the seized property happens to be someone other than the defendant, the period will run from when the person becomes aware or should become aware that the criminal proceedings have concluded.

As Sims's motion was filed within six years of the conclusion of his criminal proceedings, it is not barred by the statute of limitations. But he faces another hurdle: it is not clear that any of the items he seeks (with one minor exception) were ever actually seized. For example, he requests the return of cash in the amount of $6,421,415. That is simply the figure the government used in the forfeiture count of the indictment against Sims. It was an estimate of the entire value of his drug-trafficking enterprise over its five-year run. It represented the amount the government would have liked to gets its paws on, but there is no indication that it ever succeeded. The same is true of the other items that Sims asks to be returned—there is no indication that the government has them—with one exception: "$339,280 seized, $325,108 [f]orfeited, showing $14,172 not forfeited." In February 1989, government agents had seized money from three safe deposit boxes at a bank in Cicero, Illinois. A week earlier, they had seized money from a satchel carried out of a different bank by Sims's mother, who claimed not to know whose it was. The money was judicially forfeited in *United*

*States v. A 1987 Rolls-Royce Corniche,* No. 89 C 1250 (N.D. Ill. May 31, 1989), but the government eventually learned that a bit more money had actually been seized than was identified in the forfeiture order—$14,172 more, to be exact. Assuming that this money was never forfeited (the record is unclear whether it was), it qualifies as property that has been seized but not forfeited. But there is a hitch: Sims did not list the $14,172 either in his Rule 41(g) motion or in any other filing in the district court. He listed it for the first time in his brief on appeal. That of course was too late. The claim for the money is thus—forfeited.

AFFIRMED.


A true Copy:

Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*