[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14028
Non-Argument Calendar
_____

D. C. Docket Nos. 05-08041-CV-H-S
and 89-00074-CR-H-S

MICHAEL LEWIS IVORY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 27, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Michael Lewis Ivory, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to alter, amend, or vacate judgment and his motion for return of seized property. Ivory's first motion asked the district court, under Fed. R. Civ. P. 59(e), to set aside the judgment entered against him on July 27, 1989. That judgment was his conviction for federal cocaine and firearms violations. Ivory claimed that as a result of the conviction the government seized and forfeited, without proper notice, his property amounting to $817,330 in currency, jewelry, furs, and vehicles. Ivory's second motion was brought pursuant to Fed. R. Crim. P. 41(e), now Rule 41(g), and asked the district court to return Ivory's personal and real property seized by the government on July 27, 1989.

On appeal, Ivory argues that the Fifth and Fourteenth Amendment require that his forfeited property be returned because he is the lawful owner and did not receive notice of the forfeiture or a hearing to determine the issue of forfeiture. The district court held that both motions were time-barred. Ivory maintains that although he made reasonable inquiries with the U.S. Attorneys' Office, he did not learn that his property was forfeited until January 2002, and, therefore, the statute of limitations did not begin to run until that time. Ivory argues that because there was no evidence in the record showing that he did receive notice, we should reverse the district court.

This Court has since granted the government's motion to supplement the record on appeal. The supplement contains two civil docket sheets showing that Ivory did receive notice of forfeiture. First, the supplement contains the docket sheet for United States v. Sealed, No. 2:89-cv-00946 (N.D. Ala. Jun. 7, 1990), a forfeiture action filed pursuant to 21 U.S.C. § 881(a), which reveals that the notice and complaint for that case were returned executed as to Michael L. Ivory on June 5, 1989, and the amended complaint also was returned executed as to Ivory on June 19, 1989. That forfeiture action covered Ivory's real property, cars, and mink coats.

The supplement also contains the docket sheet to United States v. Jewelry Valued at $141,000.00, No. 2:90-cv-00963-JHH (N.D. Ala. Oct. 1, 1990), listing Michael L. Ivory as the claimant of the jewelry and showing that the notice and complaint were returned executed on Ivory on June 11, 1990. The record leaves no doubt that Ivory was given notice in 1989 and 1990 that the government filed two civil forfeiture actions against his property, United States v. Sealed and United States v. Jewelry Valued at $141,000. Therefore, the statute of limitations began to run by June 11, 1990, at the latest, and not in January 2002.

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) must be filed no later than ten days after entry of the judgment; therefore, Ivory's Rule

3

59(e) motion is time-barred.[1]  Fed. R. Civ. P. 59(e).  To the extent Ivory's motion

could be construed as one to vacate, set aside or correct sentence, it is barred by the

one year statute of limitations for such actions under 28 U.S.C. § 2255.  28 U.S.C.

§ 2255.

Ivory's motion for return of seized property is based on Fed. R. Crim. P.

41(g).  That rule is not the appropriate basis for Ivory's motion because Ivory's

property was seized in civil forfeiture actions and not a criminal proceeding.

As far as Ivory's motions can be construed as motions under 18 U.S.C.

§ 983 to set aside the two civil forfeiture actions, the district court correctly found

that the motions are time-barred.  The statute of limitation for such motions is five

years "after the date of final publication of notice of seizure of the property."  18

U.S.C. § 983(e)(3).   This limitation period arguably does not apply to Ivory's case

because it is not a proceeding filed on or after August 23, 2000.  See Civil Asset

Forfeiture Reform Act of 2000, Pub. L. 106-185, § 21.  No specific statutory

provision expressly applies to § 983 motions before this date.  Prior to the

enactment of 18 U.S.C. § 983(e)(3), the general statute of limitation applicable to

---

[1]Ivory argues that the forfeiture of his property violated Fed. R. Crim. P. 32.2(a) which requires the government to provide notice to the defendant in the indictment when it seeks forfeiture in a criminal proceeding.  That rule is not applicable here because the property was seized in civil forfeiture actions and Ivory received notice of those actions.  Therefore, to the extent it is based on Fed. R. Crim. P. 32.2(a) the motion would fail even if it were not time-barred.

4

civil actions against the United States governed actions by convicted defendants for return of forfeited property.  That statute of limitation is six years from the date the cause of action accrued.  28 U.S.C. § 2401(a); United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004); United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000); Polanco v. United States Drug Enforcement Admin., 158 F.3d 647, 653 (2d Cir. 1998).  Thus, whether brought under 18 U.S.C. § 983(e)(3) or 28 U.S.C. § 2401(a), the motions are late by at least eight years.

Accordingly, the district court is **AFFIRMED.**