**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1560

MANUEL PÉREZ-COLÓN,

Plaintiff, Appellant,

v.

ALEX CAMACHO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Manuel Peréz-Colón on brief pro se.
Rosa E. Rodríguez-Vélez, United States Attorney, Nelson Pérez
Sosa, Assistant United States Attorney, and Germán A. Rieckehoff,
Assistant United States Attorney, on brief for appellees.

November 21, 2006

**Per Curiam**.  Appellant Manuel Perez-Colon appeals from the district court's judgment dismissing his complaint.  This complaint seeks the return of property ($3,000 in cash) which the United States Marshals had seized from appellant.  Forfeiture proceedings against the cash were never instituted, and, shortly after the seizure, the money was turned over to the Puerto Rico Treasury Department.  The district court, prior to service of process, dismissed the complaint, sua sponte, on the ground that appellant had failed to exhaust his prison remedies as required by 42 U.S.C. § 1997e(a).  On appeal, we reversed the dismissal and remanded for further proceedings, holding that if the money had been seized at the time of appellant's arrest, as opposed to having been seized at the time he entered prison, exhaustion would not be required, and appellant would be permitted to bring a civil action in equity for the return of the $3,000.  Perez-Colon v. Camacho, 73 Fed. Appx. 474, 475-76 (1st Cir. 2003) (per curiam).

On remand -- where it was established that the money, in fact, had been seized during appellant's arrest -- the government filed a motion to dismiss the complaint, arguing essentially that (1) construing the complaint as asserting a tort claim, appellant had failed to comply with the requirements for filing such a claim as set out in the Federal Tort Claims Act (FTCA), (2) construing the complaint as asserting a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),

-2-

qualified immunity protected the defendants from a money judgment, and (3) since the seizure had been legal, appellant's rights under the Fourth Amendment had not been violated. After appellant filed a response, the district court entered a judgment dismissing the complaint, stating that it was relying on the reasons given by the government in its motion to dismiss. The instant appeal ensued, and, once again, the judgment of the district court must be vacated and the matter remanded for further proceedings.

Generally, after a defendant has been convicted, the defendant "is presumed to have a right to [the] return" of any property that has been seized from him or her. United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999); United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). In a case where, as here, the government has not forfeited the property in question, a motion under Fed. R. Crim. P. 41(g) -- formerly Rule 41(e) -- is the proper basis for a request for the return of such property. See, e.g., United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004) (holding that, unless the seized property has been forfeited, Rule 41(g) is the proper remedy for seeking the return of such property); Chambers, 192 F.3d at 376 (holding, in a case where there had been no forfeiture, that "[a] person aggrieved by the deprivation of property may file a motion under Rule 41(e) . . . to request the return of that property") (footnote omitted). When a Rule 41(g) motion is filed after the criminal proceedings have

ended, also as here, the motion is treated as a civil proceeding for equitable relief. See Sims, 376 F.3d at 707-08; Potes Ramirez, 260 F.3d at 1314; Chambers, 192 F.3d 376.

Because appellant has a cause of action under Rule 41(g), he has no need to base his claim for the return of the $3,000 on either the FTCA or Bivens. As a result, the questions whether appellant complied with the requirements of the FTCA and whether the defendants are entitled to qualified immunity are not relevant to a resolution of this case. We therefore turn to the terms of Rule 41(g).

Rule 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

(emphasis added). Given the highlighted language, it is plain that Rule 41(g) applies to legally, as well as to illegally, seized property. See Government of the Virgin Islands v. Edwards, 903 F.2d 267, 273 (3d Cir. 1990) ("Under [a] 1989 amendment, Rule 41(e) is no longer limited to property held following an unlawful search or seizure"); 3A Charles Alan Wright, Nancy J. King & Susan R.

-4-

Klein, Federal Practice and Procedure § 673, at 336 (3d ed. 2004) (same).  Thus, it is no answer to appellant's motion to say that the seizure of the $3,000 was legal.

A Rule 41(g) motion nonetheless may be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues." Chambers, 192 F.3d at 377 (internal quotation marks and citation omitted).  It is the government's burden, after the termination of criminal proceedings, to demonstrate that return of the property is not warranted, and one way that the government may meet this burden is to show "a cognizable claim of ownership or right to possession adverse to that of the movant."  Id.  A case on point is United States v. Francis, 646 F.2d 251 (6th Cir. 1981).

In Francis, federal agents had seized approximately $20,000 from the defendant and then, while the defendant's Rule 41(e) motion was pending, transferred the cash to the state of Michigan under a warrant of levy on the defendant's property for nonpayment of state taxes.  In affirming the denial of defendant's motion for the return of the money, the court of appeals first rejected the government's argument that, since it no longer had the property, the case was moot.  The question remained, the court held, whether the government's transfer had been lawful -- i.e.,

whether the transfer had been made pursuant to a right to the money that trumped the defendant's rights.  Id. at 262-63.

Turning to this question, the court, by analogy to cases involving the Internal Revenue Service, determined that the government, in fact, had a "continuing interest" in the money and that this interest was sufficient to defeat the defendant's interest:

> The courts have uniformly held that the [IRS] may lawfully attach property belonging to a defendant . . . and that the tax lien will frustrate a motion for return of the property. [T]he lien cannot violate any rights that defendant has in the money because even if the money were returned to him, nothing would prevent the government from immediately levying on it at the time of its return.  It makes no difference that in this case it is a state rather than the IRS which has asserted an interest in the seized cash.  The State of Michigan may validly levy on money owned by defendant that is in the possession of the government.

Id. at 263 (citations and footnote omitted).

The court of appeals then determined that the lien that the state had attached to the defendant's money was facially valid and that it was broad enough to reach the money that the government had seized.  Id. at 263.  Given this, and given that the federal government lacked a greater interest in the cash, the court concluded that the government had been required to comply with the

-6-

lien by turning the money over to the state. Id. Thus, the court held, the transfer had been lawful. Id. See also United States v. Fitzen, 80 F.3d 387, 388-89 (9th Cir. 1996) (affirming the denial of the appellant's Rule 41(g) motion to the extent that the seized property (1) was subject to an Idaho state tax levy or (2) had been forfeited pursuant to Idaho forfeiture law).

The problem here is that the government never explained the precise nature of the Commonwealth's interest in appellant's money, and, as a result, there is no way to determine whether the transfer of that money was lawful. A remand, therefore, is required so that the court can make a finding on the matter. See Rule 41(g) ("[t]he court must receive evidence on any factual issue necessary to decide the motion"). We add that, given the course of the proceedings up until now, appellant may desire, on remand, to request the appointment of counsel. See United States v. Giraldo, 45 F.3d 509, 512 (1st Cir. 1995) (per curiam) (where a pro se prisoner was challenging, in a civil equitable action, an administrative forfeiture of property that had been seized from him, we noted that he was free to request an appointment of counsel in the district court; citing cases permitting such an appointment).

Finally, we note that, if the district court decides that appellant is entitled to the return of the $3,000, the government's argument that sovereign immunity bars relief in this case is

misplaced.  That is, appellant is not asking for money <u>damages</u> here.  Rather, he is seeking <u>equitable</u> relief "notwithstanding the fact that the property at issue is currency."  <u>Polanco</u> v. <u>United States Drug Enforcement Admin.</u>, 158 F.3d 647, 652 (2d Cir. 1998). That is, "[i]n suing for return of the currency, [appellant] seeks restitution of 'the very thing' to which he claims an entitlement, not damages in substitution for a loss."  <u>United States</u> v. <u>Minor</u>, 228 F.3d 352, 355 (4th Cir. 2000).  Further, "the fact that the government obviously cannot restore to [appellant] the specific currency that was seized does not transform the motion into an action at law."  <u>Id.</u>

The judgment of the district court is <u>vacated</u>, and the matter is <u>remanded</u> for further proceedings consistent with this opinion.  No costs are awarded.