**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007[*]
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-4020

| | |
|---|---|
| JAMES E. TURNER, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Indiana, Lafayette |
|     *v.* | Division. |
| | |
| ALBERTO GONZALES, et al., | No. 4:05-CV-81 AS |
|     *Defendants-Appellees.* | |
| | Allen Sharp, |
| | *Judge.* |

**O R D E R**

In February 2003, local police officers in Newton County, Indiana, stopped a vehicle in which James Turner was a passenger and, after searching the car, seized a small quantity of marijuana and $12,000 in currency. The drugs belonged to the driver but the cash was Turner's. Indiana authorities charged Turner with visiting

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

a common nuisance, Ind. Code § 35-48-4-13, but dropped the charge a year later. In the meantime, however, the state court transferred the seized cash to the United States so that it could be forfeited under 21 U.S.C. § 881(a)(6). Turner, who is in prison for reasons unrelated to the February 2003 incident, has sued the United States and Newton County for the return of his $12,000. He asserts that the money is not proceeds of any crime and that the defendants have no right to retain it. He claims that "no formal notice of forfeiture and no formal proceedings were initiated to forfeit the seized money."

The district court screened Turner's complaint, *see* 28 U.S.C. § 1915A, which is captioned as a "Motion for Return of Seized Funds" and cites as a basis for relief several inconsequential statutory provisions relating to forfeiture. The district court recognized that the statutes Turner cites are irrelevant to his allegations and interpreted his filing as a motion for return of property under Federal Rule of Criminal Procedure 41(g). The court then concluded that Turner's submission was "barred by the doctrine of estoppel" because it was filed more than two years after the seizure of the money. For that reason, without ordering service on the defendants, the district court dismissed the case.

On appeal, Turner does not take issue with the district court's decision to recast his filing as a Rule 41(g) motion, but he argues that the court erroneously applied a two-year statute of limitations. The United States (the only defendant participating in this appeal) also maintains that Turner's filing is properly construed as a motion under Rule 41(g), and it concedes, correctly, that a six-year statute of limitations applies to those motions, *see United States v. Sims*, 376 F.3d 705, 708-09 (7th Cir. 2004). Nevertheless, the government defends the dismissal of Turner's complaint because Rule 41(g) "is an improper remedy for return of property that had been administratively forfeited to the United States." According to the government, Turner's $12,000 was administratively forfeited by the FBI in 2003 after notice was published in *The New York Times*. Thus, the government insists, the district court correctly dismissed "Turner's Rule 41(g) motion for return of property" because his "exclusive potential remedy" is a motion under 18 U.S.C. § 983(e)(5) to set aside the forfeiture.

Of course, the district court, not Turner, characterized his filing as a Rule 41(g) motion. It is true that Rule 41(g) is not the appropriate remedy if, as the government tells us, Turner's cash was administratively forfeited. Rule 41(g) is a vehicle for recovering seized but not forfeited property. *Sims*, 376 F.3d at 708; *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). At this point, however, all we have is the word of government counsel that the funds were forfeited; the United States cites no record support for that contention, and we can find none. And even if the money was forfeited, it does not follow that dismissal was proper simply because the district court invoked on Turner's behalf a provision that

entitles him to no relief. A district court must proceed with a complaint that states a claim for relief whether or not the plaintiff correctly identifies the legal theory underlying that claim. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Still, the government apparently believes that dismissal was proper because Turner "failed to present any facts related to the administrative forfeiture" in his complaint. This argument fails not just because it assumes, contrary Turner's allegations, that he had knowledge of any forfeiture, but because a plaintiff does not have to plead *any* facts so long as the complaint provides sufficient notice of his claims. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005); *Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002).

Here, Turner alleges that the United States has possession of his property, and he seeks its return. He may also be challenging the legality of the seizure itself. This is enough to state a claim under several possible theories—Rule 41(g), *see Sims*, 376 F.3d at 708; or 18 U.S.C. § 983(e)(1), *see Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005); or a civil equitable proceeding under 28 U.S.C. § 1331, *see Howell*, 354 F.3d at 695. Only with additional information about how the United States came to possess the money—and what it did with it—could the district court decide how to construe Turner's filing. If it turns out that the government is correct about the administrative forfeiture, Turner's only remedy is a motion to set aside the forfeiture. *See* 18 U.S.C. § 983(e)(1), (e)(5). The claim is subject to a five-year statute of limitations, *see id.* § 983(e)(3), *United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000).

Because the district court erred by construing the complaint as a motion under Rule 41(g) and by applying a two-year statute of limitations, we VACATE the dismissal and REMAND the case to the district court for further proceedings consistent with this order.