NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted October 31, 2007[*]
Decided November 28, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3206

| | |
|---|---|
| SEANTAI SUGGS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Indiana, Hammond Division |
| *v.* | |
| | No. 2:06cv217 |
| UNITED STATES OF AMERICA, | |
| *Defendant-Appellee.* | James T. Moody, |
| | *Judge.* |

**O R D E R**

Seantai Suggs, a federal prisoner, appeals from an order denying the return of cash, guns, and other personal property he alleges was seized during the investigation leading to his arrest and conviction for his participation in a cocaine conspiracy.  We affirm the judgment with respect to the forfeiture of the cash and guns, but we vacate the judgment as to the remaining property, and remand for further proceedings.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In July 2001 a grand jury charged Suggs and seventeen others with various drug offenses. The indictment included a four-page forfeiture allegation directed at, among other things, $1,445.18 in cash and three guns. After a jury convicted Suggs in 2002, his counsel affirmatively waived Suggs's rights to the cash and guns, and the district court found that Suggs forfeited his interest in those items. Suggs appealed his convictions, which we affirmed in July 2004. *See United States v. Suggs*, 374 F.3d 508 (7th Cir. 2004). Suggs did not challenge the forfeiture of his property in his direct appeal.

Nearly two years later, in May 2006, Suggs filed a motion under his criminal case number for return of his property. *See* Fed. R. Crim. P. 41(g). Suggs alleged that his personal property was "seized and/or used as evidence" in his trial, and should be returned to him. The list of items allegedly seized not only included the cash and guns, but also jewelry, clothing, electronics, photos, and his driver's license. The district court informed Suggs that his motion must be refiled as a civil action, *see United States v. Howell*, 354 F.3d 693, 695-96 (7th Cir. 2004), and warned him that doing so would put him at risk of incurring a strike under 28 U.S.C. § 1915(g). Suggs nevertheless informed the court that he wished to proceed, and the court directed the clerk to assign Suggs's motion a civil case number. The district court then dismissed Suggs's complaint sua sponte, holding that "Mr. Suggs has waited five years to bring this lawsuit, so it is barred by the doctrine of estoppel." Suggs did not incur a strike in the district court, and he timely appealed.

We construe the district court's order as applying the defense of laches, which is a form of equitable estopple. *See Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 882 (7th Cir. 2002). Where, as here, the district court dismisses a complaint based on an affirmative defense, we will review the district court's judgment de novo. *See Woidtke v. St. Clair County, Ill.*, 335 F.3d 558, 562 (7th Cir. 2003); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). A plaintiff may plead himself out of court by alleging facts sufficient to establish an affirmative defense. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (2006). But dismissal based on an affirmative defense is appropriate only where the validity of the defense is apparent from the face of the complaint and so unmistakable that the action is frivolous. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Topping v. Fry*, 147 F.3d 715, 718 (7th Cir. 1945) (holding laches is an affirmative defense "not to be set up for summary disposition by motion to dismiss").

We begin by noting that Rule 41(g) is not a proper basis to seek the return of property forfeited during a criminal proceeding. *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007); *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). A criminal forfeiture is part of the criminal sentence; it can only be challenged on

direct appeal, and if not raised then, it is waived. *Young*, 489 F.3d at 315. The cash and guns at issue here were forfeited as part of Suggs's criminal sentence, and because he did not challenge that forfeiture in his direct appeal, he cannot do so now. We thus affirm the district court's judgment with respect to the cash and guns.

Rule 41(g) may be invoked, however, to seek the return of property that was seized but not forfeited. *See Sims*, 376 F.3d at 708. The government admits that the balance of the property Suggs seeks was not forfeited in his criminal proceeding and was never the subject of a civil or administrative forfeiture proceeding. Thus Suggs properly relied on Rule 41(g) for the return of his remaining property, but the district court held that Suggs waited too long to file his motion. The government concedes on appeal, however, that Suggs's motion was timely filed, and we agree. *See United States v. DeMaree*, 459 F.3d 791, 793 (7th Cir. 2006) (holding we may, but are not required, to accept government's confession of error). Motions raised under Rule 41(g) after criminal proceedings or civil-forfeiture proceedings have concluded are subject to a six-year statute of limitations. *Sims*, 376 F.3d at 708-09. Suggs was sentenced and judgment was entered in December 2002. He filed his Rule 41(g) motion in May 2006, well within the six-year window. Because Suggs did not allege that his delay caused prejudice to the government, the validity of laches was not apparent from the face of the complaint. *See Pruitt v. City of Chicago*, 472 F.3d 925, 927 (7th Cir. 2006) (noting laches requires proof of lack of diligence and prejudice). The district court therefore erred in dismissing Suggs's complaint regarding his remaining property.

We note, however, that the record is silent as to whether the government ever seized anything other than the cash and guns. On remand the district court should develop the record to determine whether the government ever seized the property Suggs alleges and if so whether the government currently possesses it. *See* Fed. R. Civ. P. 41(g); *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007).

Accordingly, we AFFIRM the district court's judgment as to the cash and guns; we VACATE the judgment as to the remaining property, and REMAND the case to the district court for further proceedings.