# United States Court of Appeals
## For the First Circuit

No. 08-1462

ISRAEL SANTIAGO-LUGO,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Boudin, Lipez and Howard,
Circuit Judges.

Israel Santiago-Lugo on brief pro se.
Anita J. Gay on motion for summary dismissal for respondent.

August 14, 2008

**Per Curiam**. Plaintiff-appellant Israel Santiago-Lugo appeals from the district court's dismissal of his claim pursuant to Fed. R. Crim. P. 41(g) for the return of property as barred by the statute of limitations. "We review *de novo* a district court's order granting a Rule 12(b)(6) motion based on statute of limitations grounds." Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005). We have not had occasion previously to rule on the question of what the statute of limitations is for Rule 41(g) claims, but all the circuits that have considered the issue have held that the six-year statute of limitations under 28 U.S.C. § 2401(a) applies to civil actions for the return of property. See Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007) (collecting cases). We join those circuits in holding that the six-year limitations period under § 2401(a) applies to Rule 41(g) claims. We also concur with those circuits which have held that in circumstances like this, where "there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding." Id.; see United States v. Sims, 376 F.3d 705, 709 (7th Cir. 2004); United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1212 (10th Cir. 2001).

Santiago-Lugo's claim for return of seized but not forfeited property was initially presented in his motion filed on July 11, 2005. He was sentenced and judgment entered more than six

years earlier, on April 17, 1996. Even if the conclusion of criminal proceedings occurs after the defendant's direct appeal is resolved, that occurred here on February 3, 1999, still more than six years before Santiago-Lugo filed his Rule 41 motion. See Rodriguez-Aguirre, 264 F.3d at 1214 n. 15 (declining to determine whether the conclusion of criminal proceedings occurs after the trial and sentencing or only after the appeals process has run its course).

Santiago-Lugo argues (as he did in the district court) that the statute of limitations did not begin to run until August 12, 2005, the date on which the district court granted the government's Rule 36 motion to amend the judgment to include the forfeiture order. However, the rationale for the accrual date occurring when the criminal proceedings have concluded is that "once the criminal proceedings or the civil forfeiture proceedings have concluded without the property having been forfeited . . . , the claimant knows that he has a present right to its return." Sims, 376 F.3d at 708. In this case, Santiago-Lugo had such knowledge at the time that judgment entered, notwithstanding the inadvertent omission of the forfeiture order. As we stated in our June 15, 2006 judgment affirming the district court's Rule 36 correction of sentence, Santiago-Lugo had notice of the forfeiture when the preliminary and final orders of forfeiture entered (in 1996). Therefore, he was aware at least by October 1996 (when the

final forfeiture order entered) of the seized items that were not forfeited, and could have asserted at that point his right to return of those items.

Santiago-Lugo also argues that he first filed his motion for return of property on April 21, 1998, within the six-year statute of limitations and that equitable tolling should apply to preserve his present claim. Even if the April 1998 motion could be construed as a Rule 41 motion for returned of seized but not forfeited property, that motion was denied, as was Santiago-Lugo's motion to reconsider. And he did not appeal from those denials. Even if the period during which Santiago-Lugo pursued that challenge to the seizure of his property tolled the limitations period, it would have tolled it only for three months, from April 1998 when the motion was filed until July 1998, when the district court denied Santiago-Lugo's motion to reconsider. That would not be sufficient to extend the limitations period to July 2005. Because we agree with the district court that the statute of limitations bars Santiago-Lugo's Rule 41(g) claim, we do not reach the substantive arguments that he makes in support of that claim.

The government's motion for summary affirmance is granted. See 1st Cir. R. 27.0 (c).