# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2210

_____

United States of America,

*Plaintiff - Appellee,*

v.

Felipe Mendez, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 9, 2017
Filed: June 30, 2017

_____

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This appeal concerns the timeliness of a motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property. Felipe Mendez was arrested after a traffic stop in July 2004, and police seized various items of property. After a jury later convicted Mendez of a drug trafficking conspiracy, the district court entered judgment in January 2006, and this court affirmed on direct appeal in July 2007.

Mendez moved for the return of seized property in January 2016. The district court[1] concluded that the motion was barred by the statute of limitations, and that Mendez was not entitled to equitable tolling. We agree and affirm.

## I.

Police arrested Mendez after a traffic stop on July 8, 2004. They seized the automobile that Mendez was driving, $4,800 cash and other items from the car, and $2,273 from Mendez's person. The police also seized another $10,632 cash in connection with Mendez's arrest, although the record does not specify where it was found.

A grand jury in August 2004 charged Mendez with conspiracy to distribute methamphetamine. He was convicted by a jury and sentenced to 420 months in prison. The district court entered judgment on January 19, 2006, and this court affirmed the judgment on July 5, 2007. The car and the $10,632 were forfeited by court order to the State of Iowa; the rest of the seized items remained with the government.

In 2009, Mendez moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied Mendez's motion in March 2012. The district court denied a certificate of appealability in June 2012, and this court did the same in October 2012. More than a year later, in November 2013, the district court received a letter from Mendez. Enclosed with the mailing was a copy of an earlier letter that Mendez claimed to have sent in January 2013. The earlier letter, which does not appear on the docket, asked the court to send Mendez documents related to the forfeiture order so that he could prepare an unspecified motion. The court heard nothing further from

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Mendez until January 25, 2016, when Mendez filed a motion for return of property under Federal Rule of Criminal Procedure 41(g).

Mendez sought an order directing the government to return personal property, including the three blocks of cash ($4,800, $2,273, and $10,632), the automobile, and some personal effects. Mendez argued that the government had no justification to retain the property because the criminal prosecution had concluded, post-conviction appeals had been exhausted, and the property was not subject to forfeiture. Mendez claimed that "[s]ince as early as February 2014," he had "made ample attempts to negotiate a return of the property with the Government."

The district court denied Mendez's motion as untimely. The court applied the six-year statute of limitations set forth in 28 U.S.C. § 2401(a) and reasoned that the limitations period began at the conclusion of the criminal proceedings—on January 19, 2006, when the district court entered judgment. The court observed that even if the limitations period began to run in July 2007, at the conclusion of Mendez's direct appeal, the Rule 41(g) motion would still be late. The court declined to apply equitable tolling. The court also observed that even if the motion were timely, Mendez could not recover the property that was forfeited to the State of Iowa. Mendez then moved unsuccessfully for reconsideration and for an evidentiary hearing on equitable tolling. We review *de novo* the district court's conclusion that Mendez's motion was time-barred and not eligible for equitable tolling. *Zarecor v. Morgan Keegan & Co.*, 801 F.3d 882, 886 (8th Cir. 2015); *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

II.

Rule 41(g) provides that a person "aggrieved . . . by the deprivation of property may move for the property's return." The rule does not specify a statute of limitations. Other courts have applied the catch-all provision of 28 U.S.C. § 2401(a),

-3-

which states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Although a motion is filed under Criminal Rule 41(g), when the filing comes after the termination of criminal proceedings, it is treated as a civil action for equitable relief. *See Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007).

The parties agree on the six-year limitations period, but they dispute when Mendez's right of action accrued. The statute starts to run when the movant knew, or in the exercise of reasonable diligence should have known, that he had a claim. *See Loudner v. United States*, 108 F.3d 896, 900 (8th Cir. 1997). In this context, a movant has a claim when he enjoys a present right to the return of seized property.

When property is seized as evidence in a criminal case, the government is justified in retaining it for use in criminal proceedings. *See Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008). That justification ends when the criminal proceedings are completed. Once the district court enters judgment, the claimant knows that he has a present right to return of seized property that has not been forfeited, and the cause of action accrues. *See Santiago-Lugo v. United States*, 538 F.3d 23, 25 (1st Cir. 2008) (per curiam); *Bertin*, 478 F.3d at 493-94.

Mendez argues, for the first time on appeal, that his claim did not accrue until post-conviction proceedings under 28 U.S.C. § 2255 were completed in 2012. He points out that the government might successfully resist a motion for return of property while a § 2255 motion is pending, because if the prisoner obtains relief, then the property could be needed as evidence in a new trial. *See United States v. Bailey*, 700 F.3d 1149, 1151 (8th Cir. 2012). Therefore, he suggests, there is no present right to return of the property until post-conviction proceedings are finished.

The pendency of a direct appeal or a post-conviction proceeding might justify the government's further retention of property as potential evidence in a criminal

-4-

case. *Id.*; *United States v. Bailey*, 206 F. App'x 650, 654 (8th Cir. 2006). Once a judgment is entered, however, the government's need for the property is within the claimant's control. He could forego an appeal or a post-conviction motion and seek immediate return of seized property. Or he could pursue efforts to reverse or set aside the judgment, in which case his ability to seek return of property might be delayed. The potential for delay based on the claimant's litigating decisions does not change the fact that a claim for return of property was available—and thus accrued—at the time of judgment. In a rare case in which a direct appeal and post-conviction proceedings consume six years from the date of judgment, and justify the government's continued retention of property throughout the limitations period, the district courts have mechanisms available (such as staying a timely motion for return of property) to ensure that a claimant need not choose between seeking relief from the judgment and return of his property.

Citing *United States v. Sims*, 376 F.3d 705 (7th Cir. 2004), Mendez also suggests that the statute of limitations did not expire until six years after the government's time for filing a forfeiture claim expired. *Sims*, however, allowed only that *in the absence of any criminal proceedings or civil forfeiture proceedings*, the time for bringing a Rule 41(g) claim runs from the expiration of the statute of limitations for filing the criminal or civil forfeiture case. *Id*. at 709. Here, of course, there were criminal proceedings, so the time ran from the end of the criminal proceedings.

In this case, because Mendez filed his motion under Rule 41(g) more than six years after the entry of judgment in January 2006, the motion was untimely. Mendez argues alternatively that he is entitled to equitable tolling of the statute of limitations. Assuming for the sake of analysis that equitable tolling of the six-year period is permissible in appropriate circumstances, *e.g.*, *Santiago-Lugo*, 538 F.3d at 25, we agree with the district court that Mendez does not qualify.

To receive the benefit of equitable tolling, a litigant must demonstrate both that some extraordinary circumstance prevented him from filing a timely motion and that he diligently pursued his rights before filing. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755-56 (2016). Mendez claims that negotiations with the government over return of property "lulled him into inaction" and thus qualified as an extraordinary circumstance. By Mendez's own account, however, he did not initiate these "negotiations" until February 2014, more than two years after the six-year limitations period expired in January 2012.

Mendez also argues that because the law was uncertain about the accrual of a claim under Rule 41(g) and the limitations period for such a claim, he should be entitled as a *pro se* claimant to equitable tolling. But a *pro se* litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). No court, moreover, had ruled or suggested that the limitations period for a motion to return property would extend more than six years after the completion of proceedings in a criminal case. Mendez's assertion of legal uncertainty is thus unpersuasive and does not establish an extraordinary circumstance that warrants equitable tolling. Because the claim for equitable tolling was inadequate on its face, the district court did not err in declining to convene an evidentiary hearing.

\*     \*     \*

Mendez's motion to notice his letter to counsel dated October 18, 2016, is granted. The judgment of the district court is affirmed.

_____