[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12371
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00028-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RAY ALFORD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 12, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Michael Ray Alford, a federal prisoner, appeals *pro se* following the district court's denial of his post-judgment motion to return property and the denial of his motion for reconsideration.  Alford requests the return of his cellphone and address book, which contained the usernames and passwords for various online accounts. Alford contends he cannot access his internet accounts without these items, and so, he was denied his constitutional right to access his medical, business, and financial records.  He asserts the inability to access these records will hinder his ability to prepare a civil action regarding his need for medical treatment.  After review,[1] we affirm the district court.

When a motion for the return of property is filed after the close of all criminal proceedings, we treat the motion as a civil action in equity.  *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).  Motions to return property are governed by Federal Rule of Criminal Procedure 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

[1]  We review questions of law dealing with a district court's denial of a motion to return property *de novo* and a district court's factual findings dealing with such a denial for clear error. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005).  We review "the equitable equation of the district court's decision" to deny the motion only for abuse of discretion.  *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Fed. R. Crim. P. 41(g).  The advisory committee explained this rule applies to lawfully and unlawfully seized property, and once the government no longer has a need to use the evidence, it should be returned.  *See id.*, Advisory Committee Note to the 1989 Amendments.  Because the court sits in equity, the property owner must show a possessory interest in the seized property and "clean hands."  *Howell*, 425 F.3d at 974.  When a property owner files a motion to return property after the close of criminal proceedings, "'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'"  *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).

The Government has a legitimate need to retain the evidence until Alford exhausts his post-conviction remedies because it would need the evidence at a new trial if his motion to vacate is successful.  *See United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017) ("The pendency of a direct appeal or a post-conviction proceeding might justify the government's further retention of property as potential evidence in a criminal case."); *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007) (explaining a Rule 41(g) motion is properly denied if the government's need for the property as evidence continues).  Even if Alford is not expressly relying on the cellphone or address book to support the claims in his motion to vacate, if he

3

ultimately receives a new trial, the Government will need to use those items as evidence to connect him to the "michellecuty013" account.  Moreover, despite Alford's assertions of actual innocence, Alford cannot claim to have "clean hands" with respect to the cellphone and address book, both of which were connected to an e-mail account that received child pornography.[2]  Furthermore, Alford is not being deprived of any constitutional right to access his data because, as the district court pointed out, his usernames and passwords can be recovered, and, as the Government notes, he could request access to the cellphone and address book to write down the login information.  Therefore, the court did not abuse its discretion in denying his motion to return property.  Additionally, because he did not present new evidence, the district court also properly denied Alford's motion to reconsider. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (stating in the civil context, the only grounds for granting a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment are newly discovered evidence or manifest errors of law or fact).

Accordingly, we affirm.

**AFFIRMED.**

---

[2]  Even if the district court incorrectly stated there was child pornography on the cellphone, the cellphone was connected to an email account that received child pornography.

4