In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1158

AMERITECH CORP.,

*Plaintiff-Appellant,*

*v.*

E. MICHAEL MCCANN, in his official
capacity as District Attorney of
Milwaukee County,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-675—**Rudolph T. Randa**, *Judge.*

ARGUED JUNE 5, 2002—DECIDED JULY 22, 2002

Before FLAUM, *Chief Judge*, and DIANE P. WOOD and
WILLIAMS, *Circuit Judges.*

FLAUM, *Chief Judge.* Plaintiff-Appellant Ameritech
Corporation ("Ameritech") sued E. Michael McCann, the
District Attorney of Milwaukee County, seeking a declara-
tion that McCann must comply with certain provisions of
the Electronic Communications Privacy Act ("ECPA" or
"the Act"), 18 U.S.C. § 2510 *et seq.* The district court
granted McCann's motion to dismiss, holding that the
Eleventh Amendment barred Ameritech's suit. Ameritech
appeals and, for the reasons stated herein, we reverse.

## I.  Background

In October 1986, Congress enacted the ECPA to "protect against the unauthorized interception of electronic communications." S. Rep. No. 99-541, *reprinted at* 1986 U.S.C.C.A.N. 3555, 3555. The Act generally defines the scope of a party's ability to intercept personal and proprietary communications, while at the same time recognizing the government's legitimate law enforcement needs in obtaining such information. To this end, Section 2703 of the Act sets forth the requirements for government access to private communications and states that electronic communications providers (such as Ameritech) shall furnish certain electronic records to governmental entities only under specific circumstances. The current appeal deals with Section 2706 of the ECPA, which obligates a governmental entity obtaining electronic records under Section 2703 to "pay the person or entity assembling or providing such information a fee for reimbursement for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing such information." The Act urges the governmental entity and information provider to agree on the reimbursement amount. 18 U.S.C. § 2706(b). If, however, the parties cannot reach an agreement, the ECPA states that the court that issued the order for production shall determine the appropriate reimbursement calculation. *See id.*[1]

---

[1]  Section 2706(b) states:

> The amount of the fee provided by subsection (a) shall be as mutually agreed by the governmental entity and the person or entity providing the information, or, in the absence of agreement, shall be as determined by the court which issued the order for production of such information (or the court before which a criminal prosecution relating to such informa-
> (continued...)

As the District Attorney for Milwaukee County, Wisconsin, McCann occasionally obtains court orders requesting automated message accounting studies ("AMAs"), which are compilations of information detailing the origin of incoming telephone calls to a particular telephone number. Pursuant to the ECPA, Ameritech requested reimbursement for the costs associated with compiling AMAs. McCann refused, maintaining that Ameritech is not entitled to reimbursement.

Ameritech sued McCann in his official capacity seeking a declaratory judgment that McCann must comply with § 2706 of the ECPA. McCann answered the complaint and filed a motion to dismiss arguing, *inter alia*, that the district court lacked jurisdiction and that the Eleventh Amendment barred Ameritech's suit. The district court issued a ruling concluding that a genuine case or controversy existed; however, the court declined to address the merits of the remaining issues within McCann's motion to dismiss. Instead, the district court requested supplemental briefing on two additional concerns: whether the ECPA violated the Tenth Amendment and whether 18 U.S.C. § 2706 preempted state law regarding access to electronic records. In a footnote, the district court briefly addressed the Eleventh Amendment issue, stating:

> McCann also argues that Ameritech's suit is barred by the Eleventh Amendment. Under the Eleventh Amendment, a state and its officials, as such, may not be sued for money damages for past conduct. Const., Amend. XI. However, the Eleventh Amendment does not bar suits, like this one, that seek only declaratory relief. *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987).

---

[1] (...continued)
tion would be brought, if no court order was issued for production of the information).

*Ameritech Corp. v. McCann*, No. 99-C-675, slip op. at 10 n. 3 (N.D. Ill. July 20, 2000). The parties subsequently submitted supplemental briefs pursuant to the district court's order.[2]

In December 2001, the district court issued an order granting McCann's motion to dismiss, stating that in the course of considering the parties' supplemental briefs, the court changed course and decided that the Eleventh Amendment barred Ameritech's suit. The district court noted that a state's sovereign immunity generally bars declaratory judgment actions and that Congress lacked the power to abrogate that immunity when it passed the Declaratory Judgment Act in 1934. More important to the present appeal, the district court also held that the exception to Eleventh Amendment immunity announced by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), was inapplicable for several reasons. First, the court ruled that, as a technical matter, the *Young* exception did not apply because Ameritech named McCann in his official and not individual capacity. Second, the district court reasoned that the *res judicata* effect of a declaration of rights under § 2706 would translate into a monetary damages award against the state. As a result, the court stated that although Ameritech requested prospective injunctive relief, its suit was the "functional equivalent" of a suit for damages and therefore barred by *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-69 (1997). Finally, the court found that § 2706 impermissibly burdened the state's special sovereign interest in law enforcement by requiring the expenditure of state funds in an area traditionally reserved to the states. The district court then granted

---

[2] In the meantime, Ameritech had filed a motion for summary judgment. Ameritech, however, later withdrew the motion when it acknowledged that the deposition testimony of one of its employees created a genuine issue of material fact.

McCann's motion to dismiss the complaint, and Ameritech appeals.

## II. Discussion

We review a district court's grant of a motion to dismiss *de novo*, accepting as true all well-pleaded facts and drawing all reasonable inferences in the nonmoving party's favor. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). In this case, the district court dismissed Ameritech's complaint based upon the Eleventh Amendment, which states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend XI. Although the Amendment's terms do not bar suits against a State by its own citizens, the Supreme Court "has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing cases). However, a state's sovereign immunity is not absolute. In some cases, a suit against a state or its officials may proceed despite the Eleventh Amendment's proscription. For example, "a state may waive the protections of the amendment and consent to suit in federal court, or Congress may use its enforcement powers under the fourteenth amendment to abrogate the states' eleventh amendment immunity." *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993). In addition, a suit against state officials may proceed in the limited circumstances identified by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908). Because Eleventh Amendment immunity applies to injunctive suits against the states as well as those

for damages, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), we must determine whether the *Young* exception applies in this case and thus preserves Ameritech's suit.

Under the *Young* doctrine, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999). *Young* involved a suit against state officials to enjoin enforcement of a railroad commission's order requiring a reduction in rates. 209 U.S. at 129. In finding that the Eleventh Amendment did not bar the plaintiffs' suit, the Supreme Court held that when a state official violates the Constitution or federal law, he acts outside the scope of his authority and is no longer entitled to the State's immunity from suit. *Id.* at 155-56; *see also Gibson v. Arkansas Dep't of Correction*, 265 F.3d 718, 720 (8th Cir. 2001). *Young* thus creates a legal fiction—the "state official who acts in violation of the federal Constitution is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *MSA Realty Corp.*, 990 F.2d at 291 (citing *Young*, 209 U.S. at 159-60)). This allows federal courts to "vindicate federal rights and hold state officials responsible to the supreme authority of the United States." *MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 345 (7th Cir. 2000). Accordingly, under *Young*, "state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages." *MSA Realty Corp.*, 990 F.2d at 291.

The foregoing discussion brings us to the first point of error. The district court held that "as a technical matter, the [*Young*] exception does not apply because McCann is named in his official and not his *individual* capacity." *Ameritech v. McCann*, No. 99-C-675, slip op. at 12 (N.D. Ill. December 17, 2001) (emphasis in original). Contrary to the district court's assertion, the fact that Ameritech sued

McCann in his official capacity does not render *Young* inapposite. In fact, the opposite is true—a case may proceed under the *Young* exception only when a state official is sued in his official capacity. *Young*, 209 U.S. at 155-56; *Luder v. Endicott*, 253 F.3d 1020, 1024 (7th Cir. 2001); *MCI*, 222 F.3d at 345. The twin goals served by the *Young* exception to Eleventh Amendment immunity—vindicating federal rights and holding state officials responsible to federal law—cannot be achieved by a lawsuit against a state official in his or her individual capacity. The reason is that individual (or personal) capacity suits do not seek to conform the State's conduct to federal law; rather, such suits seek recovery from the defendant personally. *See Alden v. Maine*, 527 U.S. 706, 757 (1999); *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985) ("a victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him."); *Luder*, 253 F.3d at 1022-23. As a consequence, individual capacity suits do not implicate the Eleventh Amendment's protections, making an *exception* to Eleventh Amendment immunity obviously unnecessary. In contrast, because the Eleventh Amendment bars suits against both the States, *see Halderman*, 465 U.S. at 106, and state officers acting in their official capacities, *see Edelman v. Jordan*, 415 U.S. at 663, we must determine whether Ameritech's suit satisfies the remaining requirements of the *Young* exception. We turn now to resolution of that issue.

   In a recent pronouncement, the Supreme Court helped define precisely when the *Ex Parte Young* exception applies.[3] In *Verizon Maryland, Inc. v. Public Service Comm. of Maryland.*, the Court stated:

>    In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court

---

[3] The district court did not have the benefit of *Verizon* when it issued its order on December 17, 2001.

need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.

Nos. 01-1531 & 00-1711, ___ U.S. ___, 2002 WL 1008485 (May 20, 2002) (citing *Coeur d'Alene*, 521 U.S. at 296 (O'Connor, J., concurring in part and concurring in judgment) (internal quotations omitted)). That Ameritech's complaint alleges an ongoing violation of federal law—McCann's refusal to comply with Section 2706 of the ECPA—is beyond dispute.

The only possible area of controversy is whether Ameritech's complaint seeks relief "properly characterized as prospective." McCann argues that although Ameritech's suit seeks a declaratory judgment, it is the functional equivalent of a claim for monetary damages because the "real purpose of seeking to compel compliance with § 2706 is to obtain payment from the state." Resp. Br. at 12. While it is true that a declaration may require the expenditure of state funds, the Supreme Court has recognized that virtually all declaratory judgment actions have some effect on the public fisc. *See Verizon*, *supra*, at *6 ("But no past liability of the State, or of any of its commissioners, is at issue. It does not impose *upon the State* 'a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (emphasis in original)); *see also Papasan v. Allain*, 478 U.S. 265, 278 (1986) ("relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury."). Thus, the critical issue is not whether a declaration of rights will have some effect on State expenditures, but rather whether the declaratory judgment imposes upon the State a monetary loss resulting from a *past* breach of a legal duty on the part of defen-

dant state officials. *Coeur d'Alene*, 521 U.S. at 282. In this case, no past breach of Section 2706 is at issue because Ameritech seeks only a declaration of rights that will force McCann to conform his future conduct to federal law.

McCann argues that unlike other cases, the potential monetary impact on the State is not ancillary to the relief requested, but rather the true focus of the present lawsuit. In support of this proposition, McCann relies principally on *MSA Realty Corp. v. Illinois*, 990 F.2d 288 (7th Cir. 1993). In that case, Plaintiffs sought to enforce legislation that promised a 5 percent return on municipal bonds issued under Illinois' Tax Increment Allocation Redevelopment Act. When the State later amended the Act and reduced the rate or return, Plaintiffs filed suit seeking (1) a declaration that the amended Act was an unconstitutional impairment of contract, and (2) an injunction requiring the State officials to pay the original amount to the affected municipality. *Id.* at 289-90. Although Plaintiffs cast their Complaint as seeking declaratory and injunctive relief, they really sought to enforce a preexisting legal duty that was later amended by legislative action. We upheld the district court's dismissal based on Eleventh Amendment grounds primarily because we recognized that a federal court cannot force the State to perform an alleged contract that would involve the collection of taxes and allocation of funds to a specific purpose. *Id.* at 295. In contrast, Ameritech's suit seeks no reimbursement for McCann's previous noncompliance, but rather a declaration that he must comply with Section 2706 in the future. This is the very nature of prospective relief, and the fact that the federal statute at issue creates a right to reimbursement does not alter the analysis. *See Edelman*, 415 U.S. at 667-68 (recognizing no Eleventh Amendment immunity in cases where the "fiscal consequences to state treasuries . . . were the necessary result of compliance with decrees which by their terms were prospective in nature."). In addition, nothing in the relief

sought by Ameritech impermissibly "inserts" the federal courts into "management of the state's fiscal affairs. . . ." *MSA Realty*, 990 F.2d at 295.

McCann also suggests that Ameritech's lawsuit cannot proceed because it impermissibly burdens the state's sovereign interest in law enforcement. In doing so, McCann urges this court—like the district court—to examine the underlying nature of Ameritech's suit and its concomitant impact on the State's sovereign interests. While the Supreme Court in a relatively recent Eleventh Amendment case seemed to advocate this balancing approach, *see Coeur d'Alene*, 521 U.S. at 267-80 (principal opinion of Kennedy, J., joined by Rehnquist, C.J.), a majority of the Court in *Verizon* rejected it in favor of the straightforward inquiry described above. *See Verizon Maryland*, 2002 WL 1008485 at *6. As a result, we need not assess the precise nature of the State's sovereign interest in law enforcement—so long as Ameritech's complaint seeks prospective injunctive relief to cure an ongoing violation of federal law, the Eleventh Amendment poses no bar.

Finally, McCann asks this court to determine whether AMAs really fall within the purview of Section 2706. The parties dispute whether an AMA is an existing record within Ameritech's databases or whether production of an AMA requires additional compilation beyond the information stored by Ameritech. The precise nature of an AMA is important because reimbursement under the Act is unnecessary for "records or other information maintained by a communications common carrier that relate to telephone toll records and telephone listings obtained under Section 2703." 18 U.S.C. § 2706(c). While recognizing the obvious importance of the issue on remand, we are unwilling to decide here whether Ameritech "maintains" AMAs, or whether they "relate to telephone toll records and telephone listings." First, resolution of these two issues—while important in determining the applicability of § 2706(c)—is

irrelevant to the Eleventh Amendment issue presented by this appeal. *See Verizon Maryland,* 2002 WL 1008485 at \*6 (inquiry into whether the suit lies under *Ex Parte Young* does not include an analysis of the merits of the claim). Second, we have before us an undeveloped record that contains conflicting information regarding the true character of an AMA. For example, Beverly Gore, an Ameritech employee, testified in a deposition that Ameritech compiles the data used to generate a telephone bill from the same source as that used to generate an AMA, and that Ameritech occasionally creates AMAs for internal use. (R. at 19; Gore Depo. at 38 and 43). Ameritech disputes Gore's ability to testify about these facts and offers an affidavit from at least one employee who stated that "Ameritech does not have any business records that contain incoming call detail." (R. at 13; Scott Aff. ¶ 4). At the very least, and as Ameritech conceded in withdrawing its motion for summary judgment (R. at 28, pages 1 and 2), this is an issue of material fact that may not be resolved given the procedural posture of this case.

## III. Conclusion

The Eleventh Amendment does not bar Ameritech's lawsuit, which seeks prospective injunctive relief for an ongoing violation of federal law. As a result, the opinion of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-97-C-006—7-22-02