**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **COUNTY BOARD OF ARLINGTON, VIRGINIA,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 09-1570 (RMC)** |
| **U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

**MEMORANDUM OPINION**

The County Board of Arlington, Virginia (the "County Board") brought this suit for declaratory and injunctive relief against Defendants related to a proposed highway project in Northern Virginia. Defendants are the U.S. Department of Transportation ("DOT"), the Federal Highway Administration ("FHA"), the Virginia Department of Transportation ("VDOT"), and the following individuals in their official and personal capacities: Raymond LaHood, Secretary of the DOT; Victor Mendez, Administrator of the FHA; and Pierce Homer, former Secretary of Transportation for the Commonwealth of Viginia. VDOT and Mr. Homer (the "Virginia Defendants") move to dismiss Mr. Homer from this suit, asserting that Mr. Homer is no longer Secretary of Transportation, that he cannot be sued personally for declaratory and injunctive relief, and that the current Secretary of Transportation should not be substituted for him. As explained below, certain claims against Mr. Homer and the other individual defendants in their personal capacities will be dismissed, and the current Secretary of Transportation, in his official capacity only, will be substituted for Mr. Homer.

## I. FACTS

The County Board objects to a highway project involving the construction of toll lanes and major infrastructure modifications and additions in the I-95/I-395 corridor in Northern Virginia, from Spotsylvania County to the Eads Street/Pentagon Reservation interchange in Arlington County. The project has been referred to as a high occupancy vehicle/high occupancy toll (HOV/HOT) project. This, Plaintiff alleges, is a misnomer for a project actually intended to "enable a financially-able, privileged class of suburban and rural, primarily [C]aucasian residents from Stafford and Spotsylvania counties, operating single occupancy vehicles ("SOV"), unimpeded access on toll lanes." Compl. ¶ 10. The Complaint alleges seven counts:

> Count I and Count II – violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*;[1]
>
> Count III – violation of the Clean Air Act, 42 U.S.C. § 7506(c);
>
> Count IV – violation of civil rights under 42 U.S.C. § 1983[2] via violation of Title VI

---

[1] Count I alleges that Defendants improperly selected a "categorical exclusion" classification for the highway project, and thereby failed to require an Environmental Impact Statement or Environmental Assessment. Compl. ¶¶ 115-23. Count II alleges that Defendants improperly subdivided the highway project into a Northern Section and a Southern Section in order to obtain a finding of no significant environmental impact, and thus avoiding the requirement of an Environmental Impact Statement. *Id*. ¶¶ 124-35.

[2] The Complaint erroneously cites Title 28 of the U.S. Code, but the Court substitutes Title 42 as intended. *See* Compl. ¶¶ 145 & 156. Section 1983 of Title 42 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress . . . .

42 U.S.C. § 1983.

of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, prohibiting discrimination in connection with any program receiving federal financial assistance;

Count V – violation of civil rights under 42 U.S.C. § 1983 via violation of due process and equal protection under the Fifth and Fourteenth Amendments;

Count VI – violation of due process under Article 1, § 11 of the Virginia Constitution;[3] and

Count VII – violation of the Federal-Aid Highways Act, 23 U.S.C. § 109(a).

The County Board seeks declaratory and injunctive relief; it does not seek money damages. *See* Compl. at 58-59 ("Relief Requested").

The Virginia Defendants move to dismiss Mr. Homer from this suit , arguing that the Complaint fails to state a claim against him because he is no longer Secretary of Transportation in Virginia. When this suit was filed, Mr. Homer was the Secretary under the prior Governor of Virginia. On January 16, 2010, Virginia inaugurated a new Governor, and the new Governor appointed a new Secretary. On January 17, 2010, Sean T. Connaughton was sworn in as Secretary of Transportation for the Commonwealth of Virginia. The Virginia Defendants also seek to dismiss Mr. Homer because he cannot be sued for declaratory or injunctive relief in his individual capacity.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations

---

[3] Count VI is alleged only against VDOT and the Virginia Secretary of Transportation. Federal and Virginia due process protections are coterminous. *Mandel v. Allen*, 81 F.3d 478, 479 (4th Cir. 1996).

omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### III. ANALYSIS

An individual-capacity lawsuit seeks to impose personal liability on a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A suit under § 1983 may be brought against an official in his personal capacity where it seeks to hold the official personally liable. *Id*. at 166. In contrast, an official-capacity suit is a way of pleading an action against the agency which the official heads. *Id*. at 165. An official-capacity lawsuit is treated as a suit against the agency, so long as the agency receives notice and an opportunity to be heard. *Id*.; *see, e.g., Natural Res. Def. Council, Inc. v. Dep't of State*, 658 F. Supp.

-4-

2d 105, 106 (D.D.C. 2009) (suit for declaratory and injunctive relief under NEPA brought against agency and its officers in their official capacity). In other words, a suit against a state official in his official capacity is a suit against the official's office and is no different than a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Where a suit seeks relief against an official in his official capacity, the officer is not "on trial" at all; he "does not have to attend the trial, which will be conducted by attorneys representing the governmental body. If he leaves office during the interim, he leaves the case behind and his successor becomes the party." *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 24 (D.D.C. 2007) (quoting *Scott v. Lacy*, 811 F.2d 1153, 1153-54 (7th Cir. 1987)); *see also* Fed. R. Civ. P. 25(d) (an action does not abate when a public officer ceases to hold office while the action is pending; the officer's successor is automatically substituted as a party). "Regardless of the manner by which a plaintiff designated the action, a suit should be regarded as an official-capacity suit . . . when the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Hatfill*, 519 F. Supp. 2d at 24 (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (such a suit is "against the sovereign")).

Because the County Board seeks only declaratory and injunctive relief in this case, the Virginia Defendants argue that Mr. Homer cannot be personally liable, as the effect of the requested judgment would be to restrain the State from acting or to compel it to act and Mr. Homer is no longer a state employee. In response, the County Board points out that it is seeking a declaratory judgment on Counts IV and V — its § 1983 claims against Mr. Homer under Title VI of the Civil Rights Act and the Fourteenth Amendment. *See Washington v. Harper*, 494 U.S. 210, 218 n.5 (1990) (recognizing that claims for injunctive and declaratory relief may be brought under

§ 1983). The Complaint also seeks a declaratory judgment against Mr. Homer under the Virginia Constitution. *See* Compl. ¶¶ 163-70 (Count VI); *id*. at 58 ¶ D (Prayer for Relief). The County Board states that such a declaratory judgment against Mr. Homer is a precursor to its plan to file a suit for damages against Mr. Homer in his personal capacity. *See* Surreply [Dkt. # 25] at 3. The County Board does not contest the assertion that the other counts of the Complaint should not lie against Mr. Homer in his personal capacity, and thus Plaintiff concedes this point.[4] Counts I, II, III, and VII will be dismissed against Mr. Homer in his personal capacity. This reasoning applies equally to the other individual defendants, Messrs. LaHood and Mendez, who are federal government officials, and thus Counts I, II, III, and VII will be dismissed against them in their personal capacities as well.

Further, because Mr. Homer is no longer the Secretary of Transportation in Virginia, his successor, Sean T. Connaughton, is automatically substituted as a party in his official capacity. *See* Fed. R. Civ. P. 25(d). The Virginia Defendants argue that Mr. Connaughton should not be substituted because it is the Commissioner of VDOT, and not the Secretary of Transportation, who has the statutory authority "to do all acts necessary or convenient for constructing, improving, maintaining, and preserving the efficient operation of the roads embraced in the systems of state highways and to further the interests of the Commonwealth in the areas of public transportation, railways, seaports and airports." *See* Va. Code § 33.1-13. The Virginia Defendants point out that if injunctive or declaratory relief is eventually granted, it will be the Commissioner and not the Secretary who will be directly in charge of implementing the relief. *See* Reply [Dkt. #18] at 11.

---

[4] "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)).

The Virginia Defendants concede, however, that the Virginia Secretary of Transportation oversees the seven transportation agencies of the Commonwealth, of which VDOT is one. *See id*. at 10; *see also* Va. Code § 2.2-200(C)(3) (providing that each Secretary may hold agency heads accountable for their actions in the conduct of the respective powers and duties of the agencies). Further, as explained above, a suit against a state official in his official capacity is no different than a suit against the State itself, *see Will*, 491 U.S. at 71, except that plaintiffs name state officials in their official capacities in suits for injunctive and declaratory relief in order to avoid the Eleventh Amendment bar to bringing suit directly against a State. *See, e.g., Ameritech v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *Samuels v. District of Columbia*, 770 F.2d 184, 192 n.3 (D.C. Cir. 1985) (same). Because Mr. Connaughton is the current Secretary of Transportation and the Complaint names the Secretary of Transportation in his official capacity, Mr. Connaughton in his official capacity is a proper party in this suit against the agency. In the event that declaratory or injunctive relief is granted against VDOT on the County Board's claims under NEPA, the Clean Air Act, or the Federal-Aid Highways Act, relief will be carried out by VDOT and its various officials, each according to their statutory responsibilities, as overseen by the Secretary of Transportation of the Commonwealth of Virginia.

## IV. CONCLUSION

For the reasons stated above, the County Board's motion to dismiss [Dkt. # 18] will be granted in part and denied in part. Counts I, II, III, and VII as asserted against Messrs. Homer, LaHood, and Mendez in their personal capacities will be dismissed. Those Counts will otherwise remain. Further, the current Virginia Secretary of Transportation, Mr. Connaughton, will be substituted for Mr. Homer, in his official capacity. A memorializing Order accompanies this

Memorandum Opinion.


Date: April 15, 2010

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge