# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID JOHN LEYLAND,          )
                                      )
       Plaintiff,           )
                                        )
         v.               )    Civil Case No. 10-2327 (RJL)
                                        )
MILLER EDWARDS,            )
                                        )
       Defendant.      )
                                        )

## MEMORANDUM OPINION
### (July 6, 2011) [#5]

Plaintiff David John Leyland ("plaintiff" or "Leyland") brought an action for damages pursuant to *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and for injunctive relief against defendant Miller Edwards ("defendant" or "Edwards"), contending that defendant violated the Fifth Amendment's Due Process Clause when he declined to return plaintiff's property previously seized by the United States Park Police. Defendant has moved to dismiss plaintiff's complaint. After due consideration of the law and pleadings, defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

On May 23, 2009, the U.S. Park Police arrested plaintiff and seized from him two firearms, ammunition, and two holsters. Compl. ¶¶ 5-6. Plaintiff was subsequently charged with possession of two unregistered firearms and with unlawful possession of ammunition in the Superior Court for the District of Columbia. *Id.* ¶ 5; *see* 2009 CDC

1

012256 (Superior Court Electronic Docket). On October 26, 2009, Leyland pleaded guilty to two counts of possession of an unregistered firearm, and the charge of unlawful possession of ammunition was dropped. Compl. ¶ 7. Plaintiff was sentenced to six months' unsupervised probation, which he completed on April 26, 2010. *Id.* ¶¶ 7, 9.

Because the Superior Court did not order any of the seized property to be forfeited, Leyland's counsel wrote defendant on August 9, 2010, requesting that his property be returned. *Id.* ¶¶ 8, 10. To date, the property has not been returned. *Id.* ¶ 11.

On December 30, 2010, plaintiff filed this lawsuit seeking damages under *Bivens* and an injunction ordering his property be returned. Compl. at 3-4. On April 21, 2011, defendant filed a motion to dismiss Leyland's complaint, or in the alternative, for summary judgment. For the following reasons, defendant's motion is GRANTED.

## STANDARD OF REVIEW

A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, however, the Court may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a complainant must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from

2

the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## LEGAL ANALYSIS

### I. *Bivens Action*

An action for damages brought against federal officials in their individual capacity pursuant to the U.S. Constitution is commonly referred to as a *Bivens* action. *See Bivens*, 403 U.S. at 397 (holding plaintiff may sue federal agents for money damages for violation of his constitutional rights). However, "in most instances[, the Supreme Court has] found a *Bivens* remedy unjustified." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Indeed, in the Supreme Court's "more recent decisions[, it has] responded cautiously to suggestions that *Bivens* be extended into new contexts." *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). There are two instances, however, where it is clearly inappropriate to award money damages for a *Bivens* claim. *Bivens*, 403 U.S. at 396. First, when there are "special factors" counseling against creating a *Bivens* remedy, and second, where there is a congressional declaration prohibiting recovery of monetary damages or remitting recovery to another equally effective remedy. *Id.* In a motion to dismiss a *Bivens* claim, the defendant bears the burden to prove the existence of one of these two instances. *See*

3

*Carlson v. Green*, 446 U.S. 14, 18-19 (1980). Unfortunately for Leyland, the defendant has done so here by relying on the "special factor" of a comprehensive procedural and remedial scheme for individuals seeking the return of seized property: Superior Court Rule of Criminal Procedure 41(g).[1]

Rule 41(g) provides that a person aggrieved "by the deprivation of property may move the Court for the return of property." Indeed, the proper remedy for seeking the return of such property is to simply file a motion under Rule 41(g).[2] *See Perez-Colon v. Camacho*, 206 F. App'x 1, 2006 WL 3361778, at *1 (1st Cir. 2006); *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).[3] Although concise, Rule 41(g) is a comprehensive scheme that provides a straightforward and adequate remedy—and one which avoids any constitutional deprivation.[4] How so?

---

[1] Our Circuit Court previously has held other comprehensive procedural and remedial schemes to constitute a "special factor" precluding *Bivens* remedies. *See Wilson v. Libby*, 535 F.3d 697 (D.C. Cir. 2008) (holding the Privacy Act to constitute a "special factor" precluding a *Bivens* remedy); *Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988) (en banc) (recognizing the Civil Service Reform Act as a "special factor" precluding a *Bivens* remedy).

[2] A motion under Rule 41(g) can be filed with the Superior Court after the criminal case has ended. *See Wilson v. United States*, 424 A.2d 130, 132 (D.C. 1980).

[3] We may look to federal law analyzing Federal Rule 41(g) because the D.C. Superior Court generally conducts its business according to the Federal Rules of Criminal Procedure, which are enacted by Congress, *see* D.C. Code § 11-946, and Superior Court Rule 41(g) substantially conforms to Federal Rule 41(g). *See* Superior Court Rule of Criminal Procedure 41(g) cmt. (stating that Superior Court Rule 41(g) "substantially conforms to paragraph (e) of the Federal Rule [41]"); *United States v. Barnhardt*, 555 F. Supp. 2d 184, 186 n.2 (D.D.C. May 27, 2008) (noting that Federal Rule 41(e) is now Federal Rule 41(g)).

[4] Plaintiff failed to pursue a remedy under Rule 41(g). Had Plaintiff initiated this remedy, he could have avoided any alleged injury.

4

Although Rule 41(g) does not provide damages as a remedy, "[a] remedial statute need not provide full relief to the plaintiff to qualify as a 'special factor.'" *Wilson v. Libby*, 535 F.3d 697, 705-06 (D.C. Cir. 2008) (holding that "the availability of *Bivens* remedies does not turn on the completeness of the available statutory relief"). As the Supreme Court itself has noted: "[t]he absence of statutory relief for a constitutional violation . . . does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation." *Schweiker v. Chilicky*, 487 U.S. 412, 421-22 (1988). Put simply, "[t]here is no 'automatic entitlement' to a *Bivens* remedy regardless of 'what other means there may be to vindicate a protected interest.'" *Wilson*, 535 F.3d at 706 (quoting *Wilkie*, 551 U.S. at 550).

Consequently, Leyland's claim is barred due to Rule 41(g) providing an adequate, comprehensive procedural and remedial scheme. Accordingly, defendant's motion to dismiss must be GRANTED.

## II. Qualified Immunity

Even if Leyland's *Bivens* claim was not barred due to "special factors," defendant still has qualified immunity, shielding him from this lawsuit. Indeed, qualified immunity shields public officials "from undue interference with their duties and from potentially disabling threats of liability," *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). In short, it is designed to dispose of "insubstantial lawsuits" on a motion to dismiss, thereby avoiding unnecessary litigation, *id.* at 808. Not surprisingly, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

5

Here, the defendant clearly enjoys qualified immunity because he correctly concluded that an unregistered firearm is contraband, *see United States v. Moore*, 104 F.3d 377, 389 (D.C. Cir. 1997); *Guishard v. United States*, 669 A.2d 1306, 1311 (D.C. 1995); *Thompson v. United States*, 567 A.2d 907, 908 (D.C. 1989), and that an individual has no right to its return, *see Wright v. United States*, 610 F.2d 930, 939 (D.C. Cir. 1979) (citing *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976)); *Boggs v. Rubin*, 161 F.3d 37, 40 (D.C. Cir. 1998); *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979).

Moreover, if and when a defendant seeks the return of his property, the proper recourse is for him to move the court under Rule 41(g)—not demand the property's return from the Park Police property office.[5] Therefore, based on the existing caselaw at

---

[5] No caselaw existing at the time of plaintiff's request required defendant specifically to notify plaintiff of this procedure. Plaintiff cites *Ford v. Turner*, 531 A.2d 233 (D.C. 1987), as support for his contention that defendant's actions violated clearly established law at the time of the refusal. Although the case involved unregistered firearms, *Ford* is easily distinguishable from the instant action. In *Ford*, after Marie Owens was found stabbed to death in her apartment, the police searched the apartment and removed seven unregistered firearms that had no apparent connection with the homicide. 531 A.2d at 234. The police provided no notice of the removal to Camille G. Ford, Owens' sister and personal representative of Owens' estate. *Id.* Ford filed a lawsuit challenging the Government's actions, contending she was not provided notice of the seizure, and challenging the notice procedures themselves, as established by D.C. statute. *Id.* at 239. In *Ford*, the Government conceded it failed to provide Ford with notice of the seizure and the reasons for the seizure. *Id.* at 238. With respect to Ford's challenge of the existing statutory notice procedures, the Court noted there were multiple provisions in the D.C. Code pertaining to procedures by which to challenge a seizure. *Id.* at 237. Because the provisions varied based on the reasons for the seizure and Ford had no notice of the reason why the firearms were seized, the Court held she could not possibly know which provision of the D.C. Code the Government was relying on, and therefore, the notice was inadequate. *Id.* Here, Plaintiff had notice of the seizure and the reasons for the seizure— in fact, Plaintiff was prosecuted in a criminal proceeding for possessing the unregistered

that time, an objectively reasonable official would not have conceived, let alone understood, that denying Leyland his property could somehow violate his constitutional rights. His conduct is, therefore, immunized.

### III. Injunctive Relief

Finally, Leyland sues defendant in his individual capacity seeking injunctive relief. Injunctive relief, however, is not available against a defendant sued in his individual capacity. *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) (holding that injunctive relief "can only be provided by the government through government employees acting in their official capacities because deprivation of a constitutional right can only be remedied by the government"); *see Cnty. Bd. of Arlington, Va. v. U.S. Dep't of Transp.*, 705 F. Supp. 2d 25, 29 (D.D.C. Apr. 15, 2010).[6] Therefore, plaintiff has failed to state a claim against defendant for which relief can be granted, and the equitable claim against defendant in his personal capacity must also be dismissed.

---

firearms. Further, the criminal proceeding in which Plaintiff was being prosecuted is governed by the Superior Court's Rules of Criminal Procedure, and Rule 41(g) outlines the procedure by which seized items may be returned. Therefore, the facts of *Ford* vary significantly from the facts at issue here.

[6] Injunctive relief is regularly available in actions against the government or individuals acting in their official capacities. *See Bivens*, 403 U.S. at 397; *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 74 (2001); *Anderson v. Reilly*, 691 F. Supp. 2d 89, 92 (D.D.C. Mar. 5, 2010).

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, ECF No. 5, is

GRANTED. An appropriate order will accompany this memorandum opinion.

RICHARD J. LEON
United States District Judge