RHESA HAWKINS BARKSDALE, Circuit Judge:
In this action under, inter alia, 42 U.S.C. § 1983, Errol Houston, Jr., claims defendants violated his Fourteenth Amendment rights (to keep and bear arms, incorporated from Second Amendment, and to due process) by retaining his lawfully-seized firearm after the district attorney refused charges. The action was dismissed under Federal Rule of Civil Procedure 12. AFFIRMED.
I.
As noted, dismissal was under Rule 12, as also discussed infra. Accordingly, the facts that follow are from the allegations in Houston’s complaint.
Houston was arrested by New Orleans police officers on 5 July 2008. Pursuant to that arrest, Houston’s firearm, a Glock 22 .40-caliber pistol, was seized. Approximately a month later, the district attorney entered nolle prosequi (abandonment of prosecution) on the charges against Houston.
Almost a year after his arrest, and following his requests for the return of his firearm being denied by the district attorney’s office and the police department, Houston filed this action on 2 July 2009, claiming, inter alia, violations of the right to keep and bear arms and of due process, and seeking primarily the return of his firearm. Houston alleged he had been informed that the new district attorney had implemented a policy of not returning firearms seized during arrests.
*444 Just over a month later, Houston again was arrested by New Orleans police officers. He was informed that a warrant for his arrest, on the charge of illegal possession of a firearm, had issued at the request of the new district attorney on 5 July, three days after this action was filed. That charge was also “nolle prossed”. In an amended complaint, Houston added claims for retaliation and unlawful arrest.
Regarding the district attorney, Houston’s right-to-keep-and-bear-arms and due-process claims were dismissed under Rule 12(b)(6) (failure to state claim). Subsequently, those claims against New Orleans and a former police superintendent were also dismissed, under Rule 12(c) (judgment on pleadings).
In so ruling regarding the Second Amendment and the district attorney, the district court concluded retention of the firearm was “reasonable ... because firearms are needed as evidence in instituting criminal prosecution” and, “[furthermore”, that “[Houston] does not have a Second Amendment right to the particular firearm seized”. Order and Reasons, at 7 (20 Sept. 2010). In its subsequent dismissal of that Second Amendment claim against New Orleans and the former police superintendent, the court further ruled: “law enforcement has a compelling interest in seizing weapons pursuant to a lawful arrest and as evidence of crimes”; and, “law enforcement narrowly tailors such seizures to those firearms involved in crimes and those firearms in possession of arrestees”. Order and Reasons, at 9 (10 Dec. 2010).
For the due-process claim, the court ruled the firearm’s retention did not violate due process because, inter alia: the firearm was “not a basic necessity of life”; defendants had an important interest in preserving evidence; and, Houston had not alleged he had exhausted state-law remedies, such as a contradictory motion (motion the non-moving party is likely, or should have the opportunity, to contest) for return of his firearm. Order and Reasons, at 9-10 (20 Sept. 2010); Order and Reasons, at 9 (10 Dec. 2010).
II.
In district court, following the dismissal of his Second Amendment and due-process claims, Houston dismissed voluntarily his retaliation and unlawful-arrest claims. At issue are only those concerning the Second Amendment and due process.
Although both district court decisions noted factual allegations contained not in the complaint, but in the parties’ memoranda for the motions, “matters outside the pleadings [were not] presented to ... the court”. Fed.R.Civ.P. 12(d). And, consistent with that, both decisions stated the issue as “whether [Houston] has alleged sufficient facts to show that Defendants deprived [him] of his constitutional rights”. (Emphasis added.) For these and other reasons, the decisions were Rule 12 dismissals, not Rule 56 summary judgments.
Rule 12(b)(6) and 12(c) dismissals are reviewed de novo. E.g., Jebaco, Inc. v. Harrah’s Operating Co., 587 F.3d 314, 318 (5th Cir.2009). All well-pleaded facts are accepted as true and viewed in the light most favorable to Houston. E.g., Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir.2011). Viewing the facts, as pleaded, in that light, a motion to dismiss for failure to state a claim or for judgment on the pleadings should not be granted if the complaint provides “enough facts to state a claim to relief that is plausible on its face”. Jebaco, Inc., 587 F.3d at 318 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
*445 A.
The Second Amendment provides for “the right of the people to keep and bear Arms”. U.S. Const, amend. II. That right belongs to the individual, and “central” to it is the “core lawful purpose of self-defense”. District of Columbia v. Heller, 554 U.S. 570, 628-30, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). The Amendment is “fully applicable to the States” through the Fourteenth Amendment because the right to keep and bear arms is “fundamental to our scheme of ordered liberty”. McDonald v. City of Chicago, — U.S. —, 130 S.Ct. 3020, 3026, 3036, 177 L.Ed.2d 894 (2010) (emphasis omitted).
Houston urges strict-scrutiny review of defendants’ alleged policy of retaining seized firearms. See, e.g., San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 16, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) (“strict judicial scrutiny [has been found] appropriate in reviewing legislative judgments that interfere with fundamental constitutional rights”). Before reaching that level-of-review question, however, whether the Second Amendment encompasses the claimed right must be decided. Heller v. District of Columbia, No. 10-7036, 670 F.3d 1244, at 1251-52, 2011 WL 4551558, at *5 (D.C.Cir. 4 Oct. 2011); Ezell v. City of Chicago, 651 F.3d 684, 701-02 (7th Cir.2011); United States v. Chester, 628 F.3d 673, 680 (4th Cir.2010); United States v. Reese, 627 F.3d 792, 800-01 (10th Cir.2010); United States v. Marzzarella, 614 F.3d 85, 89 (3d Cir.2010). But see Nordyke v. King, 644 F.3d 776, 783 (9th Cir.2011) (“The Supreme Court’s reasoning in Heller and McDonald suggests that heightened scrutiny does not apply unless a regulation substantially burdens the right to keep and to bear arms for self-defense.” (emphasis added)). Put another way, if defendants’ alleged evidence-retention policy does not “impose[ ] a burden on conduct falling within the scope of the Second Amendment’s guarantee”, our inquiry is complete. Marzzarella, 614 F.3d at 89.
Just as some regulation of speech — e.g., of obscenity and defamation — is “outside the reach” of the First Amendment, so, too, is some regulation of firearms outside the reach of the Second. Ezell, 651 F.3d at 702 (quoting United States v. Stevens, — U.S. —, 130 S.Ct. 1577, 1584-85, 176 L.Ed.2d 435 (2010)). See also Heller, 554 U.S. at 626-27, 627 n. 26, 128 S.Ct. 2783 (noting “the right secured by the Second Amendment is not unlimited” and listing “presumptively lawful” regulations). The right protected by the Second Amendment is not a property-like right to a specific firearm, but rather a right to keep and bear arms for self-defense. See Heller, 554 U.S. at 628-30, 128 S.Ct. 2783.
Houston has not alleged defendants prevented his “retaining or acquiring other firearms”. Walters v. Wolf, 660 F.3d 307, 318 (8th Cir.2011) (holding no Second Amendment violation when plaintiffs firearm was not returned after court dismissed criminal charge against him). Therefore, he has not stated a violation of his Second Amendment right to keep and bear arms.
B.
The Due Process Clause of the Fourteenth Amendment provides: “[N]or shall any State deprive any person of life, liberty, or property, without due process of law”. U.S. Const. amend. XIV, § 1. To state a due-process claim, Houston must allege: he has a property interest in the firearm; and, he has been deprived of that interest without due process of law. E.g., Gentilello v. Rege, 627 F.3d 540, 542 (5th *446 Cir.2010). Property interests are “defined by existing rules or understandings that stem from an independent source such as state law”. Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). “Once it is determined that due process applies, the question remains what process is due.” Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
Determining “what process is due” generally requires consideration of: the private interest affected; the risk of erroneous deprivation and the probable value of additional or substitute procedures; and, the government interest, including the burden of additional or substitute procedures. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). “The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” Id. at 333, 96 S.Ct. 893 (internal quotation marks omitted).
Pursuant to accepting as true the well-pleaded fact in the complaint that Houston owns the seized firearm, he has alleged a deprivation of a property interest. Defendants maintain Houston did not allege that the deprivation has occurred without due process, however, because he did not allege he utilized the below-described procedure that could have afforded him a meaningful opportunity to be heard. Houston contends he nevertheless stated a due-process claim, without alleging he utilized that procedure, because, as a matter of law: the procedure was not available to him; or, in the alternative, due process required defendants to notify him of the procedure.
1.
Louisiana Revised Statutes § 15:41(C) provides, in relevant part: “Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court”. Houston contends, as he did in district court, that the procedural remedy afforded by § 15:41 is unavailable where the seized property is a firearm. Houston maintains § 15:41 (disposition of seized property) is displaced by Louisiana Revised Statutes § 40:1798 (disposition of seized firearms), which applies to law enforcement, because the former is prefaced, “If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof’. La.Rev.Stat. § 15:41(A). But the plain language of the mandate to law enforcement contained in § 40:1798 — which contains no procedural remedy for the owner of the seized property — does not preclude the remedy under § 15:41(C).
Instead, the better reading is that § 40:1798 displaces only § 15:41(B): “If there is no such specific statute, the following governs the disposition of property seized .... ” La.Rev.Stat. § 15:41(B) (emphasis added) (instructing property be returned, sold, transferred, or destroyed). See also Foster v. Graves, No. 09-0657-JJB-CN, 2010 WL 3724314 (M.D.La.10 Aug.2010) (Mag. J. Rep. & Rec.) (plaintiff sought return of seized firearms by § 15:41 motion), adopted, 2010 WL 3724195 (M.D.La.16 Sept.2010); State v. Baynes, 678 So.2d 959 (La.Ct.App.1996) (same), overruled on other grounds by In re Matter Under Investigation, 15 So.3d 972 (La.2009); State v. Feeback, 434 So.2d 466 (La.Ct.App.1983) (same).
2.
In the alternative, Houston maintains: “[T]he Due Process clause requires that the [district attorney] advise Houston not only of his right to petition for recovery of *447 his firearm, but also of the manner in which such petition may be submitted”. For that proposition, Houston cites Ford v. Turner, 531 A.2d 233 (D.C.1987), which held plaintiff, an administratrix seeking the return of her deceased sister’s firearms, was not given “notice reasonably calculated, under all the circumstances, to apprise [her] of the pendency of the action and afford [her] an opportunity to present [her] objections”. Id. at 236 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In Ford, the police did not notify plaintiff of the initial seizure. Id. at 237. Nor did the D.C. Code provide constructive notice of plaintiffs right to contest the seizure because there were numerous statutes, with varying provisions, applicable to seized property. Id.
In contrast, Houston obviously had notice of the seizure of his firearm and the reason(s) for its being seized. Beyond that, defendants were “under no constitutional obligation to provide notice to the plaintiff of [the means for seeking return of his property]”. Baird v. Holton, 806 F.Supp.2d 53, 58-59 (D.D.C.2011) (holding due process did not require defendant, after criminal proceeding, to notify plaintiff of criminal procedure by which he could move for return of property). See also Leyland v. Edwards, 797 F.Supp.2d 7 (D.D.C.2011) (same). Similar to Baird and Leyland, 797 F.Supp.2d at 11 n. 5 — where “the criminal proceeding in which Plaintiff was being prosecuted is governed by the Superior Court’s Rules of Criminal Procedure [in the District of Columbia], and [D.C.] Rule 41(g) outlines the procedure by which seized items may be returned” — the provision outlining the procedural remedy available to Houston is found in the “Criminal Procedure” title and the “Code of Criminal Procedure Ancillaries” chapter of the Louisiana Revised Statutes. Moreover, the notes to the Rule of Criminal Procedure governing the disposition of seized property cross-reference § 15:41. La. Code Crim. Proc. Ann. art. 167 (West, Westlaw through 2011 Reg. Sess.).
The earlier-cited Walters v. Wolf, 660 F.3d 307 (8th Cir.2011), recently decided a case similar to the one at hand. In Walters, plaintiff claimed a city in Missouri and its police chief violated, inter alia, due process by refusing his informal requests for his seized firearm after a state court dismissed the charge against him. Id. at 309-10. The Eighth Circuit agreed, reasoning: the Mathews analysis, described supra, usually requires “some kind of a hearing before the State deprives a person of liberty or property”, id. at 312 (quoting Zinermon v. Burch, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (emphasis in original)); and, the “pivotal deprivation” was defendants’ refusal to return the firearm after the charge was dismissed, id. at 315. The summary judgment for defendants was vacated, based on the court’s holding: “[R]elegation to a post-hoc state tort action to address the deprivation is inherently insufficient”. Id.
Unlike in Louisiana, the Missouri statute governing disposition of seized property does not afford a procedural remedy to owners of “weapons seized by an officer incident to an arrest”. Mo.Rev.Stat. § 542.301.1(2). Rather, the only available remedy for the owner of a seized firearm is a separate action for replevin. Lathon v. City of St. Louis, 242 F.3d 841, 844 (8th Cir.2001); Elam v. Dawson, 156 S.W.3d 807, 809 n. 2 (Mo.Ct.App.2005); Castelli v. City of Bridgeton, 792 S.W.2d 909, 910 (Mo.Ct.App.1990). In Louisiana, on the other hand, the owner of a seized firearm may request its return simply by filing a contradictory motion in the criminal proceeding. La.Rev.Stat. § 15:41(C). See also Matter Under Investigation, 15 So.3d *448 at 984 (“a motion for return of property filed pursuant to La. R.S. 15:41 is part and parcel of a criminal proceeding”).
As discussed, under Louisiana law, the proper remedy for seeking the return of seized property is to file a motion under § 15:41. See Leyland, 797 F.Supp.2d at 10 (“the proper remedy for seeking the return of such property [in the District of Columbia] is to simply file a motion under Rule 41(g)”). Houston’s complaint does not allege that he has done so; and, his justifications, as a matter of law, for not so alleging fail. Accordingly, he has not stated a due-process claim.
III.
For the foregoing reasons, the judgment is AFFIRMED.